FILED
 2009 Dec-08  PM 03:39
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

CHRIS BURNS and SYREETA BURNS,  }
                                }
     Plaintiffs,                }
                                }       CIVIL ACTION NO.
v.                              }       09-AR-1057-S
                                }
AMERICAN EAGLE MOVING COMPANY,  }
INC.,                           }
                                }
     Defendant.                 }
```

## MEMORANDUM OPINION

  The above-entitled action, brought by plaintiffs, Chris Burns and Syreeta Burns, came on to be heard on this date on the issue of damages only. The issue of liability *vel non* had been determined by the default entered against defendant, American Eagle Moving Company, Inc., by the Clerk on December 2, 2009.

  All facts essential to liability having been established by default, the court finds that plaintiffs have by a preponderance of the evidence proven the following facts bearing on the damages jointly sustained by them.

### Findings of Fact

  As a proximate consequence of what can only be described as egregious tortious conduct by defendant, plaintiffs have suffered two forms of compensatory loss: (1) damages in the amount of $50,000, representing the fair market value of plaintiffs' personal property converted by defendant; and (2) damages in the amount of $200,000 in the form of plaintiffs' mental anguish resulting from

the tortious misconduct of defendant. Furthermore, because defendant's conduct amounts to extortion as well as theft and is therefore of the kind and character that calls for the imposition of exemplary damages, the amount found necessary to accomplish this purpose and to punish defendant is $200,000.

## Conclusions of Law

Based on the default that was properly entered by the Clerk after defendant failed timely to respond to the summons and complaint, and on the facts as found above, this court finds that it has jurisdiction under 28 U.S.C. § 1332, and further finds that defendant is liable to plaintiffs the aggregate sum of $450,000.

A separate judgment in that amount will be entered in favor of plaintiffs and against defendant. Plaintiffs' prayer for injunctive relief will be denied.

DONE this 8th day of December, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE